[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case came to this court and was tried on the Limited Contested List. The wife whose maiden name was Jeanne Rothermich and the husband Roy Messinger were intermarried on June 11, 1988 at Stamford, Connecticut. The parties have resided continuously in the State of Connecticut for at least 12 months preceding the date of the filing of the cross complaint. There are no minor children issue of the marriage and no minor children have been born to the wife during the course of the marriage. The court finds that the marriage has broken down irretrievably. Neither party has been a recipient of state aid or other form of public assistance.
The husband shows on his financial affidavit that he makes weekly gross $1,325.00 per week. The wife earns gross weekly $998.00. Both of the parties are able to provide for their own support. During this short marriage the parties maintained most of their assets separate and apart except for a period of time when they had a joint account in the Union Trust Company. However, while the parties were married the wife made financial contributions towards the preservation and improvement of the husband's real estate. The parties separated February 1, 1991. The husband brought into the marriage the premises at 138 Warner Hill Road, Stratford, Connecticut. The husband received income from his car expenses at the rate of 24 cents per mile which was not shown on his affidavit. During the time the joint account was open both of the parties deposited their checks to the Union Trust joint account. The husband stopped depositing his check CT Page 10324 to the account approximately in March of 1990.
The husband removed from accounts under his control approximately $40,000.00 which appears to have been withdrawn from his Fidelity account and transferred to his sister's account. Interrogatory No. 22 of the Defendant's Request for Disclosure and Production dated August 2, 1991 being exhibit 1 provides "if any person, firm or business entity holds any property, real, personal, or mixed for you or for your benefit in trust or any other arrangement" state the description of the property. That question along with others brought out during the course of the examination indicated that the husband should have disclosed that transfer but did not.
The court finds it has jurisdiction. The court has listened to the parties and reviewed all the exhibits in the case. In addition, the court has taken into consideration all the criteria set forth in 46b-81 the Assignment of Property and Transfer of Title statute, 46b-82 the Alimony statute and 46b-62
the Attorney's Fees statute. In addition the court has reviewed all other relevant statutes and case law and the financial affidavits of the parties and accordingly the court orders as follows:
1. The court hereby grants the dissolution of marriage on the grounds of irretrievable breakdown.
2. Neither of the parties is to pay the other alimony.
3. Each of the parties have their own ability to pay their own counsel fees and no counsel fees are ordered.
4. The husband shall pay to the wife as lump sum alimony within 30 days from the date of this decree the sum of $25,000.00 representing a property division.
5. The parties shall keep all of their other assets free and clear of the claim of the other.
6. The husband shall retain the real property and 184 Warner Hill Road, Stratford, Connecticut free and clear of any claim of the wife and shall hold the wife harmless on all liabilities thereon.
7. The husband shall retain the interest in the time share at Killington, Vermont.
8. The wife shall retain her sole interest in her 401K plan at NBC/RCA and any other pension benefit she is entitled to. CT Page 10325
9. The husband shall retain free and clear of any claim of the wife his 401K plan.
10. Each party shall retain sole title to the motor vehicle they currently own or lease.
11. The wife shall retain ownership in the Union Trust Bank account she is currently using and the husband shall do all that is necessary to perfect a transfer of that account to her so that it is her sole and exclusive property.
12. The court makes no orders concerning the Christmas decorations and a nativity set which are in the home of the plaintiff since no testimony was given on that issue.
13. No moving costs are awarded the wife in light of the lump sum alimony award.
This decision is rendered under the authority of Sherr v. Sherr, 183 Conn. 266 (1981).
KARAZIN, JUDGE